**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> DORIS BARNES FAMILY 2008 IRREVOCABLE TRUST and DIANE GRIMMIG, as Successor Trustee of the Doris Barnes Family 2008 Irrevocable Trust, <br><br> Defendants - Appellees, <br><br> and <br><br> JOHANN JOHN JEAN, <br><br> Defendant. | No. 12-55464 <br><br> D.C. No. 2:10-cv-07560-PSG-DTB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted January 9, 2014[]
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

Plaintiff-Appellant Hartford Life and Annuity Insurance Company (Hartford) appeals from the district court's order granting Defendants-Appellees' (Defendants) motion for summary judgment and denying Hartford's motion for summary judgment. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

Hartford contends that the Barnes Policy is void as a "gaming or wagering" policy under section 252 of the California Insurance Code. But an insurance policy is an impermissible "gaming or wagering" policy only if there is no insurable interest at the time the policy takes effect. *Paul Revere Life Ins. Co. v. Fima*, 105 F.3d 490, 493 (9th Cir. 1997); *Jimenez v. Protective Life Ins. Co.*, 8 Cal. App. 4th 528, 536 (1992). At the time the Barnes Policy took effect, the trust, as the owner and beneficiary of the Policy, had an insurable interest in the life of its settlor. *See Lincoln Life & Annuity Co. of N.Y. v. Berck*, No. D056373, 2011 WL 1878855, at *6 (Cal. Ct. App. May 17, 2011); *Shaw v. Johnson*, 59 P.2d 876, 879 (Cal. Dist. Ct.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

App. 1936). Gary Barnes, the trustee of the trust, had an insurable interest in his mother's life. *See* Cal. Ins. Code § 10110.1(a). Donald Barnes, the beneficiary of the trust, had an insurable interest in the life of his wife. *See id.* And Doris Barnes had an insurable interest in her own life. *See* Cal Ins. Code § 10110.1(b). Thus, the Barnes Policy is not void as a "gaming or wagering" policy.

There is no merit to Hartford's contention that the Barnes Policy is void ab initio because the Barnes family always intended to sell it. The plain language of the California Insurance Code permits owners of life insurance policies to transfer such policies to third parties who lack an insurable interest. *See* Cal. Ins. Code § 10130. And the California Court of Appeal recently explained that a pre-existing intent to transfer life insurance policies "does not negate the fact that when the trust acquired the policies, they were supported by an insurable interest." *Berck*, 2011 WL 1878855, at *7.[1]

We also reject Hartford's argument that the Barnes Policy is void because Doris Barnes was not insurable for $8.75 million. "An individual has an *unlimited* insurable interest in his or her own life . . . and may lawfully take out a policy . . . and have the policy made payable to whomsoever he or she pleases, regardless of

---

[1] The pre–2010 version of California Insurance Code section 10110.1 is applicable here.

3

whether the beneficiary designated has an insurable interest." Cal. Ins. Code § 10110.1(b) (emphasis added). Thus, Doris Barnes was legally entitled to insure her own life in any amount she wished. Her family was similarly entitled to obtain such a policy, as the Insurance Code provides that an insurable interest includes "a substantial interest engendered by love and affection in the case of individuals closely related by blood or law." Cal. Ins. Code § 10110.1(a).

Hartford's remaining arguments are similarly unavailing. The parties' dispute regarding the validity of the trust that acquired the Barnes Policy is not a "genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), because it does not "affect the outcome of the suit under the governing law . . . ." *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012); *see also Goodrich v. Briones (In re Schwarzkopf)*, 626 F.3d 1032, 1037 (9th Cir. 2010). Further, Hartford proffers no evidence from which a rational trier of fact could conclude that an agreement to sell the Barnes Policy was reached before the Policy took effect. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

4